**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00059-RBJ-CBS

DALLAS BELT,

    Plaintiff,

v.

UNITED AIRLINES, INC., a subsidiary of United Continental Holdings, Inc.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Under Rules 26(c) and 26(c)(7), Fed. R. Civ. P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, the term "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is

confidential, including but not limited to confidential business information about Defendant United Air Lines, Inc. ("Defendant"), Defendant's affiliates or subsidiaries, personnel information regarding employees of a party to this litigation, proprietary financial or trade secret information, the Plaintiff's health and tax information, and/or other information which is entitled to protection under Fed.R.Civ.P. 26(c).  As a condition of designating information as CONFIDENTIAL, the information must be reviewed by a lawyer who must make a good faith determination that the information is entitled to protection, and designating the information as CONFIDENTIAL represents the attorney's certification of this determination.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.  The duty to keep CONFIDENTIAL information confidential survives the completion of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed subject to Paragraph 11 of this Order to:

    (a)    attorneys actively working on this civil action;

    (b)    persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c)    the parties (including Plaintiff and Defendant and Defendant's Board of Directors, officers, management, and any advisory

      witnesses who are directly assisting said attorneys in the preparation of this civil action);

   (d) expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

   (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

   (g) deponents, witnesses, or potential witnesses;

   (h) jurors and copying services; and

   (i) other persons by written agreement of the parties.

  6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and those individuals listed in Paragraph 5(c) above), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.  Exceptions to the requirement of written acknowledgment should include experts, deponents and others by written agreement of the parties.

  7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other

-3-

appropriate notice: "CONFIDENTIAL."

8. Any party that wishes to file CONFIDENTIAL information with the Court must move the Court to file such information under seal pursuant to D.C.COLO.LCivR 7.2.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     Plaintiff and Plaintiff's counsel shall not knowingly reveal or release any information designated by Defendant as CONFIDENTIAL to any person or entity that is a competitor of Defendant or that is engaged in litigation or has filed an administrative charge against Defendant absent Defendant's written consent or Order of the Court.

12.     The parties may retain the CONFIDENTIAL information for a three-year period following the conclusion of the case, at which time the parties may either return or destroy the documents.

13.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 27th day of March, 2012.

**BY THE COURT:**

s/Craig B. Shaffer
United States Magistrate Judge

-6-

**STIPULATED BY:**

s/Seth J. Benezra

Seth J. Benezra, Esq.
John A. Culver, Esq.
Sarah J. Parady, Esq.
**BENEZRA & CULVER, P.C.**
274 Union Blvd., #220
Lakewood, CO 80228-1835
(303) 716-0254
sjbenezra@bc-law.com
*Attorneys for Plaintiff*

s/Mark B. Wiletsky

Mark B. Wiletsky, Esq.
**HOLLAND & HART, L.L.P.**
1800 Broadway, #300
Boulder, CO 80302
(303) 473-2864
mbwiletsky@hollandhart.com

Maureen Reidy Witt
Holland & Hart LLP
6380 South Fiddlers Green Circle,
Suite 500
Greenwood Village, CO  80111
Phone: (303) 290-1629
Fax: (303) 975-5301
mwitt@hollandhart.com
*Attorneys for Defendant*

<u>Exhibit A to Protective Order</u>

STATE OF _____ )
                                     ) ss.
COUNTY OF _____ )

     I, _____, being first duly sworn, state that:

     1.    I have received a copy of the Protective Order in case of *Dallas Belt v. United Airlines, Inc.,* United States District Court for the District of Colorado case number 12-cv-00059.

     2.    I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulated Protective Order.

     3.    I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

                                                  _____

Subscribed and sworn to before me this _____ day of _____, 20\_\_\_.

_____

Notary Public, _____ County, State of _____

*[seal]*